IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HOUSTON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-1148 |
| | : | |
| FRANK WHITE, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

June 25, 2015

**Background**

Eric Houston, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se action in the United States District Court for the Northern District of Florida. His Complaint appears to raise both civil rights and Federal Tort Claims Act (FTCA) allegations. Plaintiff submitted an in forma pauperis application which was previously addressed by the Northen District of Florida.

By Order dated June 11, 2015, Plaintiff's action was transferred to this Court. For the reasons set forth below, Houston's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants are Frank White who is described as being a Department of Justice (DOJ) Agent located in Washington, D.C.; former United States Attorney General Eric Holder; the Federal Bureau of Prisons (BOP); and "all Central Office officials." Doc. 1, p. 1.

The Complaint is a rambling narrative which at often times is illegible. There are vague assertions that Plaintiff was subjected to racially motivated mistreatment and excessive physical force at USP-Lewisburg on February 27, 2015. See id. at pp. 3 & 9. However, there are no specific allegations set forth in the Complaint. As such, the exact nature of Plaintiff's claims against the respective Defendants is unknown.

**Discussion**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint

is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton, 504 U.S. at 33.

**FTCA**

The FTCA waives sovereign immunity and provides a remedy for persons suing the federal government for the commission of various torts.  United States v.

Muniz, 374 U.S. 150, 150 (1963); Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003). A plaintiff pursuing an FTCA claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961).

The only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d). However, the United States has not been named as a Defendant in this matter. Second, prior to pursuing an FTCA action in federal court, a litigant must file and exhaust an administrative tort claim.[1] There is no indication in the Complaint that Houston has done so. Based upon those consideration, Plaintiff's action to the extent that it asserts an FTCA claim is subject to dismissal.

**BOP**

One of the named Defendants is the BOP. Plaintiff does not raise a discernible claim that he is challenging the legality of any BOP policy, practice or custom. Rather, his sparse allegations are premised upon actions taken or determinations made by individual federal correctional officials.

The United States is generally immune from suit absent an explicit waiver

---

[1] This conclusion is bolstered by the fact that the Complaint is dated March 2, 2015, just a few days after the alleged February 27, 2015 incident. See Doc. 1, p. 11.

of sovereign immunity, United States v. Mitchell, 445 U.S. 535, 538 (1980). This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and extends to government agencies and employees sued in their official capacities. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996); Chinchello v. Fenton, 805 F. 2d 126, 130, n. 4 (3d Cir. 1986).

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

It is equally well settled that governmental entities are not persons and therefore not proper defendants in a federal civil rights action. Hindes v. F.D.I.C., 137 F.3d 148, 159 (3d Cir. 1998)(a federal agency is not a "person" subject to civil rights liability). See also Accardi v. United States, 435 F. 2d 1239, 1241 (3d Cir. 1970); Figueroa-Garay v. Muncipality of Rio Grande, 364 F. Supp. 2d 117, 128 (D. P. R. 2005). Similarly, in Shannon v. U.S. Parole Commission, 1998 WL 557584 *3 (S.D.N.Y. Sept. 2, 1998), the district court recognized that civil rights claims may not be maintained against federal agencies. See also Duarte v. Bureau

of Prisons, 1995 WL 708427 *2 (D. Kan. Nov. 3, 1995)(the BOP "is not a proper defendant in a Bivens action."). Based on an application of the above standards, the BOP is not a properly named Defendant and therefore entitled to entry of dismissal.

**Personal Involvement**

The Remaining Defendants are Attorney General Eric Holder, DOJ Agent White, and unidentified officials of the BOP's Central Office. However, other than listing them as Defendants Houston does not set forth any factual assertions whatsoever as to the basis for his claims against those officials.

Civil rights claims brought cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences giving rise to the assertion of constitutional misconduct.. See Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Clearly, former Attorney General Holder was employed in a supervisory capacity. Moreover, since Defendant White is described as being a DOJ agent in Washington D.C. and the other Defendants are simply described as being employed by the BOP's Central Office, it appears that Plaintiff may also be attempting to establish liability against those individuals on the basis of their respective supervisory roles.

There is no allegation that any of the Remaining Defendants were involved in the day to day operations at USP-Lewiburg or had any personal involvement whatsoever in any violation of Plaintiff's constitutional rights. Likewise, there are no factual assertions set forth in the Complaint which could establish that the Remaining Defendants directed or acquiesced in any violation of Houston's rights. Based upon the standards announced in Rode, those officials clearly entitled to entry of dismissal since it is apparent Plaintiff is attempting to establish liability against them solely on the basis of their supervisory capacities.

It is also possible that Houston may be trying to establish liability against former Attorney General Holder and the other Remaining Defendants due to their responses or non-response to his administrative grievances or complaints Prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38

7

(1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).  Pursuant to those decisions, any attempt by Plaintiff to establish liability against Remaining Defendants based upon their handling of his administrative grievances or complaints does not support a constitutional claim.  See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance

8

procedure is not actionable).[2]

In conclusion, allegations of participation or actual knowledge and acquiescence in constitutional misconduct must be made with appropriate particularity. Based upon the criteria set forth in Rode, the personal involvement requirement has not been sufficiently satisfied by Houston, since there are no discernible allegations raised which could support a claim that any of the Defendants engaged in any conduct which violated the Plaintiff's constitutional rights. Since Plaintiff's pending civil rights claims are "based on an indisputably meritless legal theory" they will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[2] It is also noted that since the Complaint is dated March 2, 2015, it does not appear that Plaintiff exhausted his administrative remedies with respect to the February 27, 2015 incident cited in the Complaint.